IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BOYLE,<br><br>                  PLAINTIFF,<br><br>    v.<br><br>METROPOLITAN PROPERTIES<br>OF AMERICA, INC.,<br><br>                  DEFENDANT. | CIVIL ACTION NO._____ |

## COMPLAINT AND JURY DEMAND

Plaintiff Robert Boyle, by and through his attorneys, Bell & Bell, LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, punitive damages, attorneys' fees and other relief on behalf of Plaintiff Robert Boyle, a former employee of Defendant Metropolitan Properties of America, Inc. ("Metropolitan"). Mr. Boyle has been harmed by the Defendant's disability or perceived disability discrimination and harassment, and by Defendant's retaliation against Mr. Boyle for his complaints about this discrimination and harassment. Further, Defendant failed to comply with the requirements of the FMLA, and retaliated against Mr. Boyle for seeking accommodations of his disability or perceived disability, for attempting to take FMLA leave and because Mr. Boyle made complaints about significant unpaid overtime. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, et seq. ("PHRA"), the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq., as amended ("FLSA"), the Pennsylvania Minimum Wage Act, 43 Pa.C.S. § 333.101, as amended ("PMWA"), the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq., as amended ("WPCL"), and the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. ("FMLA").

## JURISDICTIONAL STATEMENT

2. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

3. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

4. This Court has supplemental jurisdiction over the Pennsylvania state law claims alleged herein pursuant to 28 U.S.C. § 1367.

5. All conditions precedent to the institution of this suit have been fulfilled. On December 2, 2013, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On December 3, 2014, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims herein, a Complaint in this matter was filed with the PHRC more than one year ago.

## VENUE

6. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b) because the claim arose in this judicial district.

7. Venue in the Eastern District of Pennsylvania is also authorized pursuant to 42 U.S.C. § 2000(e), et seq.

## PARTIES

8. Plaintiff Robert Boyle is a male citizen and resident of Pottstown, Pennsylvania and the United States of America.

9. Mr. Boyle is a qualified individual with a disability.

10. Mr. Boyle suffered, and continues to suffer from, a severe elbow injury that he suffered in a workplace accident while working for Metropolitan.

11. Mr. Boyle's condition affects one or more major life activities including, but not limited to, his ability to perform manual tasks, perform repetitious movements, lifting, and working.

12. It is not known exactly how long Mr. Boyle's impairment will last, but his impairment has already lasted for a period far longer than six months and continues to plague Mr. Boyle.

13. During his employment with Metropolitan, following the workplace accident of which he immediately informed Metropolitan, Metropolitan regarded Mr. Boyle as disabled.

14. Defendant Metropolitan was and is a corporation duly organized and existing under state law that acted as Plaintiff's employer that does significant business within the Commonwealth of Pennsylvania and is engaged in an industry affecting commerce.

15. Metropolitan has locations in several states throughout the country including locations in King of Prussia, Pennsylvania (the "Marquis" location) and Jenkintown, Pennsylvania (the "Colonade"), where Plaintiff was employed.

16. Metropolitan's corporate headquarters is located at 101 Federal Street, Boston, Massachusetts 02110.

17. At all times material hereto, Defendant Metropolitan employed more than fifty individuals.

18. At all times material hereto, Defendant Metropolitan acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant Metropolitan and in furtherance of Defendant Metropolitan's business.

19. At all times relevant hereto, Defendant Metropolitan acted as a "person" and "employer" within the meaning of one or more of the laws at issue in this suit and is accordingly subject to the provisions of said laws.

20. At all times relevant hereto, Plaintiff Robert Boyle was an "employee" of Metropolitan within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

## FACTS

21. Mr. Boyle began working for Metropolitan in June 2012 at Metropolitan's "Marquis" location in King of Prussia, Pennsylvania.

22. In February 2013, Mr. Boyle slipped on ice at work and suffered an elbow injury.

23. Mr. Boyle reported this injury to his supervisor, however, it was never properly reported as a workers' compensation claim.

24. In early 2013, after his on the job injury, Mr. Boyle transferred to the "Colonade" location in Jenkintown, Pennsylvania.

25. Unfortunately for Mr. Boyle, his elbow injury continued to trouble him after his initial injury, and on May 31, 2013, he requested a half-day off from work to attend a doctor's appointment related to this injury.

26. Despite being an employee entitled to the protections of the FMLA, Metropolitan failed to offer leave to Mr. Boyle, and failed to inform Mr. Boyle of his FMLA rights. In addition, Mr. Boyle was retaliated against for seeking this half-day off of work that should have been considered FMLA leave.

27. Throughout his employment at Metropolitan, Mr. Boyle also often worked approximately sixty hours per week, but was only paid for forty hours per week, regardless of whether he had worked significant overtime.

28. Mr. Boyle repeatedly complained about Metropolitan's failure to pay overtime, but was never compensated for the overtime he worked.

29. Mr. Boyle complained about Metropolitan's failure to pay overtime on multiple occasions, including a complaint made in approximately the last month of his employment with Metropolitan.

30. Mr. Boyle did not receive any write-ups prior to his termination, which occurred on or about June 7, 2013, immediately on the heels of his seeking time off for his disability or perceived disability, and within a month of Mr. Boyle's most recent complaints regarding a failure to pay overtime.

31. That his termination was directly connected to his complaints about overtime, his disability or perceived disability he suffered as a result of a workplace injury and requests to take time off to see a doctor related to that disability are made clear by

5

the facts detailed herein, including the close proximity in time between his termination and his recent complaints regarding a failure to pay overtime and his recent request to take time off to see a doctor to treat the injury he had suffered on the job.

32. Despite his request for accommodation of his disability caused by his workplace injury, Metropolitan failed to engage in a good faith interactive process, or any process, with respect to accommodating Mr. Boyle's disability or perceived disability.

33. Instead, Metropolitan terminated Mr. Boyle on June 7, 2013.

34. The treatment alleged herein that Mr. Boyle was subjected to by Metropolitan was motivated by discrimination on the basis of disability or perceived disability, retaliation for Plaintiff's seeking accommodation of his disability, and retaliation for Plaintiff's complaints about Defendant's failure to pay overtime wages.

35. Metropolitan discriminated against and retaliated against Mr. Boyle in violation of the ADA and the PHRA.

36. Metropolitan interfered with Mr. Boyle's exercise of his FMLA rights and retaliated against Mr. Boyle for seeking time off for his own serious health condition in violation of the FMLA.

37. Metropolitan failed to pay Mr. Boyle overtime wages to which he was entitled in violation of the FLSA, the PMWA and the WPCL.

38. Metropolitan terminated Mr. Boyle in retaliation for his complaints about a failure to pay overtime pay in violation of the FLSA, the PMWA and the WPCL.

39. As a result of the discrimination and retaliation suffered by Mr. Boyle, Mr. Boyle has suffered financial losses including, among other things, lost wages and an obligation for attorneys' fees and costs of pursuing this action.

40. As a result of the discrimination and retaliation suffered by Mr. Boyle, Mr. Boyle suffered, and continues to suffer severe emotional distress.

41. Metropolitan and its agents acted with the intent of causing, or in reckless disregard of the probability that their actions would cause Mr. Boyle severe emotional distress.

## COUNT I
### (The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.)

42. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

43. Based on the foregoing, Defendant Metropolitan has engaged in unlawful employment practices in violation of the Americans with Disabilities Act.

44. In discriminating against Mr. Boyle because of his disability and/or because Metropolitan regarded Mr. Boyle as disabled, in refusing to engage in an interactive process with respect to accommodating Mr. Boyle's disability or perceived disability, and in terminating Mr. Boyle because of his disability or perceived disability and in retaliation for his seeking reasonable accommodations of his disability or perceived disability, Defendant Metropolitan violated the Americans with Disabilities Act.

45. Said violations were intentional and willful.

46. Said violations warrant the imposition of punitive damages.

47. As the direct and proximate result of Defendant Metropolitan's violation of the Americans with Disabilities Act, Plaintiff Robert Boyle has sustained a loss of

earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## COUNT II
**(Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.)**

48. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

49. Based on the foregoing, Defendant Metropolitan has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

50. In discriminating against Mr. Boyle because of his disability and/or because Metropolitan regarded Mr. Boyle as disabled, in refusing to engage in an interactive process with respect to accommodating Mr. Boyle's disability or perceived disability, and in terminating Mr. Boyle because of his disability or perceived disability and in retaliation for his seeking reasonable accommodations of his disability or perceived disability, Defendant Metropolitan violated the Pennsylvania Human Relations Act.

51. As the direct and proximate result of the Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff Robert Boyle has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon along with and/or in addition to the damages and losses set forth herein.

52. Plaintiff Robert Boyle is now suffering and will continue to suffer irreparable harm and monetary damages as a result of Defendant's actions unless and until this Court grants the relief requested herein.

## COUNT III
### (Family and Medical Leave Act, 29 U.S.C. § 2611, et seq.)

53. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

54. Defendant's conduct, in interfering with Mr. Boyle's right to take leave pursuant to the FMLA, and in retaliating against Plaintiff for seeking to take leave pursuant to the FMLA, violated the FMLA.

55. Metropolitan's violations of the FMLA were intentional and willful as Metropolitan knew or should have known of the requirements of the FMLA.

56. Said violations warrant an award of liquidated damages.

57. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff Robert Boyle has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon and has incurred attorneys' fees and costs.

## COUNT IV
### (Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)
### Failure to Pay Overtime

58. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

59. At all times relevant hereto, Defendant is and has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

60. At all times relevant hereto, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

61. At all times relevant hereto, Plaintiff was a non-exempt covered employee entitled to the protection of the FLSA.

62. At all times relevant hereto, Defendant was a covered employer, subject to the provisions of the FLSA, and was not exempt from providing FLSA overtime benefits for any reason.

63. Defendant's conduct, as aforesaid, in not paying Mr. Boyle at a rate of one and one-half times the rate at which he was employed for work performed beyond a forty-hour workweek is a violation of the FLSA.

64. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA because Defendant's agents deliberately failed to pay Mr. Boyle the full amount he was due for the time he worked.

65. This practice was condoned, tolerated and encouraged by Defendant, as Mr. Boyle complained and the problem was never addressed.

66. Defendant's acts were willful, as Defendant Metropolitan knew or should have known of the FLSA's requirements.

67. Defendant can provide no good faith justification for its actions and is therefore liable for liquidated damages.

68. As a result of Defendant's FLSA violations, as aforesaid, Plaintiff is entitled to recover the amount of his unpaid overtime, an additional amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, his reasonable attorneys' fees, interest and costs of this action, along with any other relief available under the FLSA or that the Court deems just and proper.

**COUNT V**
**(Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**
**Retaliation in Violation of the FLSA**

69. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

70. At all times relevant hereto, Defendant is and has been an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

71. At all times relevant hereto, Defendant employed Plaintiff within the meaning of the FLSA, 29 U.S.C. § 201 et seq.

72. At all times relevant hereto, Plaintiff was a non-exempt covered employee entitled to the protection of the FLSA.

73. At all times relevant hereto, Defendant was a covered employer, subject to the provisions of the FLSA, and was not exempt from providing FLSA overtime benefits for any reason.

74. Defendant's conduct, as aforesaid, in terminating Mr. Boyle because of his complaints regarding Defendant's failure to pay him overtime is a violation of the FLSA.

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA.

76. Defendant's acts were willful, as Defendant Metropolitan knew or should have known of the FLSA's requirements.

77. Defendant can provide no good faith justification for its actions and is therefore liable for punitive and/or liquidated damages.

78. As a result of Defendant's FLSA violations, as aforesaid, Plaintiff is entitled to recover lost wages and other damages caused by Plaintiff's termination, an additional amount as punitive and/or liquidated damages, his reasonable attorneys' fees, interest and costs of this action, along with any other relief available under the FLSA or that the Court deems just and proper.

## COUNT VI
**(Pennsylvania Minimum Wage Act, 43 Pa.C.S.A. § 333.101 <u>et seq.</u>)**

79. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

80. During the course of his employment with Metropolitan, Mr. Boyle was an employee within the meaning of the PMWA.

81. Plaintiff is a party to whom overtime wages are owed.

82. Defendant Metropolitan is an employer within the meaning of the PMWA.

83. At all times relevant hereto, Defendant employed Plaintiff for workweeks in excess of forty hours per week.

84. Defendant Metropolitan failed to compensate Plaintiff at the rate of one and one-half times his hourly rate for all hours worked in excess of forty (40) in a workweek.

85. Defendant's conduct, as aforesaid, in not paying Mr. Boyle at a rate of one and one-half times the rate at which he was employed for work performed beyond a forty-hour workweek, and for terminating Mr. Boyle in retaliation for his complaints about Defendant's violation of the PMWA are violations of the PMWA.

86. Defendant's acts were willful, as Defendant Metropolitan knew or should have known of the PMWA's requirements.

87. As a result of Defendant's PMWA violations, as aforesaid, Plaintiff is entitled to recover lost wages and other damages caused by Plaintiff's termination, an additional amount as punitive and/or liquidated damages, his reasonable attorneys' fees, interest and costs of this action, along with any other relief available under the PMWA or that the Court deems just and proper.

## COUNT VII
**(Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.)**

88. Plaintiff repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

89. Defendant Metropolitan is an employer with the meaning of 43 Pa.C.S. § 260.2a of the WPCL.

90. Defendant violated the Pennsylvania Wage Payment and Collection Law when it failed to pay Mr. Boyle his wages within the time specified by law.

91. Defendant violated the Pennsylvania Wage Payment and Collection Law when it terminated Plaintiff for his complaints about unpaid wages.

92. Defendant willfully failed to pay Plaintiff wages earned as defined by the WPCL during the course of his employment within the time limits prescribed by the WPCL.

93. Following the termination of Plaintiff's employment, Defendant willfully failed to pay Plaintiff wages earned within the time limits prescribed by the WPCL.

94. The wages earned by Mr. Boyle but not paid by Metropolitan include overtime wages.

95. Defendant failed to pay wages due for a period in excess of thirty (30) days beyond regularly scheduled paydays.

96. Plaintiff has been damaged as a result of Defendant Metropolitan's failure to pay wages due.

97. As the direct and proximate result of Defendant's violations of the Pennsylvania Wage Payment and Collection Law, Plaintiff is entitled to recover his unpaid wages, liquidated damages in the amount of 25% of the total amount of wages

due, his reasonable attorneys' fees, interest and costs, along with any other relief available under the WPCL or that the Court deems just and proper.

## PRAYER FOR RELIEF

98. Plaintiff Robert Boyle repeats and incorporates by reference the allegations of all previous paragraphs as fully as though the same were set forth at length herein.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant:

    a.    Declaring that the acts and practices complained of herein violate the ADA;

    b.    Declaring that the acts and practices complained of herein violate the PHRA;

    c.    Declaring that the acts and practices complained of herein violate the FLSA;

    d.    Declaring that the acts and practices complained of herein violate the PMWA;

    e.    Declaring that the acts and practices complained of herein violate the WPCL;

    f.    Declaring that the acts and practices complained of herein violate the FMLA;

    g.    Awarding compensatory damages to Plaintiff Robert Boyle to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's conduct;

  h. Awarding compensatory damages to Plaintiff Robert Boyle for past and future emotional upset, mental anguish, loss of reputation, humiliation, loss of life's pleasures and pain and suffering;

  i. Awarding punitive damages to Plaintiff Robert Boyle;

  j. Awarding liquidated damages to Plaintiff Robert Boyle;

  k. Awarding Plaintiff Robert Boyle costs of this action together with his reasonable attorneys' fees;

  l. Awarding Plaintiff Robert Boyle such other damages as are appropriate under the ADA, the PHRA, the FLSA, the PMWA, the FMLA, and the WPCL; and

  m. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Robert Boyle hereby demands trial by jury as to all issues so triable.


                */s/ James A. Bell IV*
                James A. Bell IV, Esquire
                PA Attorney I.D.# 81724
                Christopher A. Macey, Jr., Esquire
                PA Attorney I.D.# 207800
                Bell & Bell LLP
                1617 JFK Blvd. – Suite 1020
                Philadelphia, PA 19103
                (215) 569-2500

                Attorneys for Plaintiff
                Robert Boyle


DATED:  March 3, 2015